# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 83

Shadow Industries, LLP,                                        Plaintiff and Appellant

     v.

David Hoffman, an individual and

Christopher Hoffman, an individual,                          Defendants and Appellees

     and

Any other occupants,                                                  Defendants

## No. 20190231

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Kevin J. Chapman (argued) and Kari L. Jensen (on brief), Williston, ND, for plaintiff and appellant.

Ryan Geltel, Williston, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Shadow Industries, LLP, appeals from the judgment of the district court dismissing its eviction action and holding the tenants David Hoffman and Chris Hoffman had timely exercised their option to extend the term of the parties' lease agreement.  Shadow argues the district court erred in finding the parties' lease agreement to be ambiguous, finding the option to extend the lease expired on February 1, 2019, and finding the Hoffmans timely exercised their option to extend the lease.  We reverse and remand.

I

[¶2]   In December 2008, the Hoffmans entered into an agreement to lease farmland from Dwight Aune.  The term of the lease was stated as "the next ten crop years, which would be through the 2018 crop year."  The lease also provided the Hoffmans "the option of an additional 10 years for crop years 2019-2028."  One-half of the rental payment for each crop year was due on February 1 and the second half due on December 1 each year.  Aune subsequently transferred ownership of the farmland and his rights under the terms of the agreement to Shadow, a limited liability partnership controlled by Aune.

[¶3]   After removing their crop in the fall of 2018, the Hoffmans deep ripped the land, tilled to create fall bedding, and applied fertilizer.  On January 4, 2019, Shadow filed a notice of termination of the lease with the county recorder's office. On January 14, 2019, Shadow sent notice to the Hoffmans the lease had been terminated. On January 29, 2019, the Hoffmans wrote to Shadow indicating they were electing to exercise their option to extend the lease for an additional ten years and tendered payment for one-half of the 2019 rent.  Shadow refused the payment and initiated eviction proceedings.

[¶4]   The district court noted "the determinative issue is whether or not the lease was terminated or expired" and found the lease did not "specify a date by which the option must be exercised."  The court further found the lease to be

"ambiguous as to when the initial term was to end . . . ."  After finding the ambiguity should be construed against Shadow, the court summarized its ruling as follows:

> [t]he contract allows for the Defendants [Hoffmans] to exercise the option by making a payment in an amount equal to the average 2018 Williams County cropland rates as reported by the North Dakota Agricultural Statistics Services by February 01, 2019, the date that the first rental payment would be due [for the 2019 crop year].  Since the option did not expire until after February 1, 2019, the Plaintiff had no authority to terminate the agreement on December 31, 2018.  It appears to this Court that the Defendants did attempt to exercise the option after December 31, 2018 but before February 01, 2019.

## II

[¶5]  Hoffman asserts the district court erred in finding that the phrase "through the 2018 crop year" creates ambiguity as to when the initial ten year term of the lease ended.  Hoffman argues the phrase "through the 2018 crop year" is not ambiguous.  The rules of contract interpretation apply to leases. *Langer v. Bartholomay*, 2008 ND 40, ¶ 12, 745 N.W.2d 649. The interpretation of a contract is a question of law.  *Bearce v. Yellowstone Energy Dev., LLC*, 2019 ND 89, ¶ 14, 924 N.W.2d 791.  "On appeal, this Court independently examines and construes the contract to determine if the district court erred in its interpretation." *Id.*

[¶6]  The district court's interpretation of the lease as having ambiguity as to when the lease terminated was premised upon the court's observation that "[w]hen 'crop years' end and begin is undefined."  We disagree with the court the lease is ambiguous and fails to define the end of the lease.  The lease terminated at the end of the 2018 crop year.  While determining when the end of the 2018 crop year occurred may be a question of fact, the term is not ambiguous simply because it requires a future event or contingency.

[¶7]  Aune testified the crop year ended no later than the end of October 2018.  Following the harvesting of their crops and still in 2018, the Hoffmans deep ripped the land, tilled to create fall bedding, and applied fertilizer to prepare

2

for the 2019 crop year. On the basis of these facts, and the absence of any contrary facts in the record, we conclude as a matter of law the 2018 crop year ended and the lease terminated in 2018.

[¶8] The district court found the Hoffmans exercised the option during January 2019. Because the facts of this case compel a finding the 2018 crop year ended in 2018 and the lease terminated at the end of the 2018 crop year, the exercise of the option in January 2019 was not timely and the lease terminated.

### III

[¶9] We reverse the judgment of the district court and remand for further proceedings consistent with termination of the lease prior to the exercise of the option by the Hoffmans.

[¶10] Jon J. Jensen,
    C.J. Daniel J. Crothers
    Gerald W. VandeWalle
    Dale V. Sandstrom, S.J.
    Jerod E. Tufte

[¶11] The Honorable Dale V. Sandstrom, Surrogate Judge, sitting in place of McEvers, J., disqualified.